UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CHARLES VILLARREAL,** | § | |
| **TDCJ-CID NO. 357360,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-102** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION & ORDER

Charles Villarreal ("Villarreal"), an inmate of the Texas Department of Criminal Justice -
Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus
under 28 U.S.C. §§ 2241 and 2254.  (Dkt. #1).  The Director has filed a motion for summary
judgment (Dkt. #12) to which Villarreal has responded (Dkt. #14).  Having considered the motion,
response, record, and the relevant law, the Court is of the opinion that the Director's motion for
summary judgment should be GRANTED.

### I.  Background

The Director has custody of Villarreal pursuant to a judgment and sentence of the 24th
District Court of Victoria County, Texas, in cause number 83-1-10,955.  *Ex parte Villarreal,*
Application No. 17,432-04 at 43-44.  Villarreal was charged with attempted capital murder to which
he entered a plea of not guilty.  *Id.* at 42, 61.  On May 20, 1983, a jury found Villarreal guilty of
attempted capital murder and assessed a punishment of 40 years of imprisonment.  *Id.* at 43-44, 62.

On May 28, 1996, Villarreal was released to mandatory supervision.  (Dkt. #12-2 at 2-3).

On May 21, 2001, a mandatory supervision violator warrant was issued for Villarreal's arrest.  (Dkt. #12-3 at 2).  On April 4, 2002, Villarreal's release was revoked.  (Dkt. #12-3 at 3).  On July 13, 2006, Villarreal filed an application for a state writ of habeas corpus challenging his confinement since his return to prison.  *Ex Parte Villarreal*, Application No. 17,432-04.  On August 30, 2006, the Texas Court of Criminal Appeals denied Villarreal relief.  *Id.* at cover.  On September 22, 2006, Villarreal executed his present petition for a writ of habeas corpus.

## II.  Claims and Allegations

In his petition, Villarreal asserts the following grounds for relief:

1.      "Illegally amended sentence."  "Petitioners valid judicial sentence, issued within the exclusive jurisdiction of the 24th judicial district court of Victoria County, Texas, has been illegally overruled, superseded and materially amended by the Classification and Records Office, Texas Department of Criminal Justice precipitating a violation of the separation of powers doctrine and in violation of the Due Process Clause of the 14th Amendment."

2.      "Parole certificate contains a stipulation prohibited by Texas law and is unconscionable."  "The Texas parole certificate is void as a contract because it contains the essential conditions that in the event of parole revocation, time spent on parole will not be credited to the sentence."

## III.  Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th

Cir. 1998).[1]  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

### IV.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Villarreal's petition because it was filed after the AEDPA's effective date.  *Lindh v. Murphy*, 521

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *See id.*

U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  AEDPA, in part, provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In the present case, it is clear that Villarreal's federal habeas petition is barred by the AEDPA statute of limitations.  All of Villarreal's claims accrued at least by the time that his mandatory supervision was revoked on April 4, 2002.  Villarreal did not pursue a state or federal writ of habeas corpus within one year of that date.  Furthermore, Villarreal has not established that any of the alternative methods for calculating the AEDPA statute of limitations are applicable in this case.  The record does not show that: (1) any unconstitutional State action impeded Villarreal from filing a timely federal habeas petition; or (2) the claims raised by Villareal concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  The record also does not indicate that Villarreal

is entitled to equitable tolling.  Accordingly, the Court finds that Villarreal's federal petition is time barred under AEDPA.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(A).  Although Villarreal has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  *See United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002)

(relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Villarreal's § 2254 motion and that reasonable jurists could not debate whether the district court was correct in its procedural ruling.  Accordingly, Villarreal is not entitled to a COA.

### Conclusion

The Court **ORDERS** the following:

1.    The Director's motion for summary judgment (Dkt. #12) is **GRANTED**.

2.    This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

3.    A Certificate of Appealability is **DENIED**.

Signed  on this 10th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE